USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7-22-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

JOSE PERALTA,                              :

                Plaintiff,         :
                                      01 Civ. 3171 (BSJ)(HBP)
   -against-                              :
                                      OPINION AND
SANDRA VASQUEZ, Correction                 :  ORDER
Counselor, et al.,
                                      :

                Defendants.
                                      :
-----------------------------------X

PITMAN, United States Magistrate Judge:

By an application dated January 20, 2008 (Docket Item 29), plaintiff move for pro bono counsel.[1] For the reasons set forth below, the motion is denied without prejudice to renewal.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts

---

[1] In a civil case, such as this, the Court cannot actually "appoint" counsel for a litigant; there is no right to appointed counsel in civil cases. Rather, in appropriate cases, the Court submits the case to a panel of volunteer attorneys. The members of the panel consider the case, and each decides whether he or she will volunteer to represent the plaintiff. If no panel member agrees to represent the plaintiff, there is nothing more the Court can do. See generally Mallard v. United States District Court, 490 U.S. 296 (1989). Thus, even in cases where the Court finds it is appropriate to request volunteer counsel, there is no guarantee that counsel will actually volunteer to represent plaintiff.

and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1986). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id. Accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. April 26, 1996). As noted by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174. See also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'"). "'Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim.'" Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986), quoting Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981).

Plaintiff's allegations are summarized in the Court of Appeals' decision reversing the dismissal of his complaint. Peralta v. Vasquez, 467 F.3d 98 (2d Cir. 2006). In essence, plaintiff alleges that he is an inmate in the custody of the New York State Department of Correctional Services ("DOCS") and that in 1998 he was found guilty by DOCS of injuring another inmate by

cutting him several times with a "razor-type weapon." DOCS initially sentenced Peralta to five years in the special housing unit, the loss of a number of privileges for five years and five years loss of good time credits. DOCS' director of special housing/inmate disciplinary programs subsequently reduced the term of the above-described punishments to two years. For the reasons set forth in the Court of Appeals' decision, the only remaining issue in this matter is whether defendants Vasquez, Jones and Selsky deprived plaintiff of adequate assistance, witnesses and a fair and impartial hearing officer at the disciplinary hearing such that petitioner was deprived of substantive and procedural due process and whether plaintiff has been subjected to cruel and unusual punishment in violation of the Eight Amendment.

Given the fact that plaintiff has been incarcerated continuously since 1995, I am willing to assume his indigence. In addition, given plaintiff's incarceration, limited facility in the English language and lack of legal training, it also appears that he will have substantial difficulty presenting the issues for trial. Nevertheless, I conclude that the limited information currently in the record does not justify adding this case to the list of cases circulated to the Court's Pro Bono Panel. Plaintiff's placement in the special housing unit for two years, appears to constitute a punishment that is sufficiently atypical

and severe to meet the requirements of Sandin v. Conner, 515 U.S. 472, 484 (1995) and to trigger the protection of the Due Process Clause. Palmer v. Richards, 364 F.3d 60, 64-65 (2d Cir. 2004) (detention under standard SHU conditions for a period in excess of 305 days ordinarily constitutes an atypical and sever hardship). However, the record does not currently contain sufficient information concerning the nature of the proceeding that resulted in plaintiff's punitive segregation to permit an informed decision about the merits of plaintiff's case. In addition, the record also lacks any information concerning the conditions under which plaintiff was confined, also making it impossible to render an informed decision concerning plaintiff's Eight Amendment claim. Two years of segregation in a special housing unit does not necessarily constitute a violation of the Eighth Amendment. LeBron v. Artus, 9:05-CV-0534 (LEK/DEP), 2007 WL 2765046 (N.D.N.Y. Sept. 20, 2007) (dismissing Eight Amendment claim based on a two-year sentence to special housing unit). Although it is possible that conditions in a particular special housing unit could be so severe as to give rise to an Eight Amendment claim, it is impossible to determine whether such a claim lies without some information concerning the conditions of confinement.

Accordingly, plaintiff's motion (Docket Item 29) is denied without prejudice to renewal. Any renewed application should specifically address the factors identified above.

Dated:  New York, New York
        July 22, 2008

                                    SO ORDERED

                                    /s/ Henry Pitman
                                    HENRY PITMAN
                                    United States Magistrate Judge

Copies mailed to:

Mr. Jose Peralta
DIN 96-A-2340
Otisville Correctional Facility
P.O. Box 8
Otisville, New York  10963-0008

Steven N. Schulman, Esq.
Assistant Attorney General
State of New York
120 Broadway
New York, New York  10271