UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

JOSE PERALTA,                       :

                 Plaintiff,         :

     -against-                      :          01 Civ. 3171 (BSJ)(HBP)

                                               MEMORANDUM OPINION
SANDRA VASQUEZ                      :          AND ORDER
et al.
                                    :

                 Defendants.

-----------------------------------X


          PITMAN, United States Magistrate Judge:


I. Introduction


          Jose Peralta, an inmate, in the custody of the New York

State Department of Correctional Services ("DOCS"), brings this

Section 1983 action alleging that he was deprived of his consti-

tutional rights at a prison disciplinary hearing.  Peralta moves

to compel production of "all records, documents and things

related to the [denial] of plaintiff's due process rights,"

(Plaintiff's Notice of Motion to Compel, dated Oct. 16, 2008

("Pl.'s Mot.")).  Specifically Peralta seeks production of the

confidential portion of the transcript of the disciplinary

hearing that was held outside of his presence and that identifies

the confidential informants.[1]

--------------------

          [1]Defendants assert that Peralta's motion to compel does not
                                                  (continued...)

Defendants object to Peralta's request on the grounds that there is "a compelling security interest in not revealing the identities of these informants" (Defs.' Mem. at 1). Defendants also argue that the confidential transcript is protected by the law enforcement privilege. For the reasons set forth below, Peralta's motion is denied.

II. Facts

The facts in this case are set forth in the Second Circuit's opinion reversing the District's Courts' Order dismissing the complaint and permitting plaintiff to proceed with his Section 1983 claim on the condition that he waive all potential claims for damages arising out of the penalty imposed after the hearing. Peralta v. Vasquez, 467 F.3d 98 (2d Cir. 2006). Familiarity with this decision is assumed.

On May 16, 1998, Peralta was accused of cutting another inmate several times with a "razor type" weapon at the Fishkill Correctional Facility. (Amended Complaint, dated June 11, 2001 at 4 ("Am. Compl")). A disciplinary hearing was commenced on June

---

[1](...continued)
seek documents other than the confidential transcript of the disciplinary proceeding (Defendant's Memorandum of Law in Opposition of Plaintiff's Motion to Compel, dated Nov. 3, 2008 at 1 ("Defs.' Mem.") at 3 n. 3). Peralta has failed to identify any other inadequacies in defendants production and his memorandum focuses almost exclusively on the confidential transcript. Accordingly, I construe plaintiff's motion to compel as seeking only the confidential transcript.

3, 1998 and was completed on June 12, 1998.  Defendant Brian Jones, the Assistant Superintendent at the facility, conducted the hearing (Am. Compl. 7).  Defendant Sandra Vasquez, a corrections counselor with DOCS, was assigned to assist Peralta at the hearing (Am. Compl. 5).

Jones found Peralta guilty of the charged offense and imposed a penalty of five years confinement in the Special Housing Unit ("SHU"), five years loss of package, telephone and commissary privileges and five years loss of good time credit (Am. Compl. 7).  Defendant Donald Selsky, the Director of the Special Housing/Inmate Disciplinary Program, later modified the penalty to two years confinement in the SHU and loss of privileges for the same period (Am. Compl. 9).

After exhausting all of his administrative appeals, Peralta filed an Article 78 petition in New York State Supreme Court challenging the results of the hearing.  The case was subsequently transferred to the Appellate Division, Second Department.  The Appellate Division dismissed the case, and the New York Court of Appeals denied leave to appeal (Am. Compl. 2).

On April 16, 2001, Peralta, proceeding pro se, filed this action alleging that the disciplinary hearing violated his constitutional rights and claiming defendants Vasquez, Jones and Selsky denied him "adequate assistance, witnesses, and a fair and impartial hearing officer" thereby denying him "substantive and

3

procedural due process protection against cruel and unusual punishment in violation of the Fourteenth and Eighth Amendments." (Am. Compl. 12). Defendants moved to dismiss Peralta's action urging that Peralta could not assert his claim without first establishing that the outcome of the proceeding had been invalidated in a state or federal proceeding. See Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994). On April 27, 2004, the Honorable Barbara S. Jones, United States District Judge, granted defendants' motion. Peralta v. Vasquez, 01 Civ. 3171 (BSJ), 2004 WL 906278 (S.D.N.Y. Apr. 27, 2004). Plaintiff appealed, and on October 17, 2006, the Court of Appeals vacated the dismissal and remanded the matter allowing the Section 1983 claim to proceed "but that [Peralta] can only do so if he is willing to forego once and for all any challenge to any sanctions that affect the duration of his confinement." Peralta v. Vasquez, supra, 467 F.3d at 104 (emphasis in original).

III.  Analysis

    A. Scope of Peralta's Due Process Rights

        Prison inmates have limited due process rights at a disciplinary hearing. At such a proceeding an inmate has no due process right to counsel or to confront the witnesses against him. United States v. Abuhamra, 389 F.3d 309, 326 (2d Cir. 2004), citing Wolff v. McDonnell, 418 U.S. 539, 567-70 (1974).

Such proceedings are not open to the public and hearing officers are accorded considerable discretion to receive evidence <u>ex parte</u>. <u>United States v. Abuhamra</u>, <u>supra</u>, 389 F.3d at 326, <u>citing</u> <u>Wolff v. McDonnell</u>, <u>supra</u>, 418 U.S. at 565-67.

 A prisoner may not, however, be left in total ignorance of the facts that may adversely affect his limited liberty interest. Due process requires a prisoner be given specific factual notice of the charges against him, a summary of any adverse evidence reviewed <u>ex parte</u> by the hearing officer, and a statement of the reasons for the discipline imposed. <u>United States v. Abuhamra</u>, <u>supra</u>, 389 F.3d at 326; <u>see</u> <u>Sira v. Morton</u>, 380 F.3d 57, 70, 74-76 (2d Cir. 2004), <u>citing</u> <u>Wolff v. McDonnell</u>, <u>supra</u>, 418 U.S. at 563-67; <u>Taylor v. Rodriguez</u>, 238 F.3d 188, 193 (2d Cir. 2001). In addition, an inmate who is not fluent in English is entitled to an interpreter to permit him to understand the charge and the evidence against him. <u>See</u> <u>Powell v. Ward</u>, 487 F. Supp. 917, 932 (S.D.N.Y. 1980)(inmates who cannot read and understand English must be provided a translator to assist them). A prisoner has the right to call witnesses at a disciplinary hearing but that right is "'substantially subject to restrictions imposed by the nature of the regime to which [he has] been lawfully committed.'" <u>Branch v. Goord</u>, 05 Civ. 6495 (WHP)(KNF), 2006 WL 2807168 at *4 (S.D.N.Y. Sept. 28, 2006), <u>quoting</u> <u>Wolff v. McDonnell</u>, <u>supra</u>, 418 U.S. at 566. An inmate has the right to a

fair and impartial hearing officer.  However, it is well settled
"that the degree of impartiality required of prison hearing
officials does not rise to the level of that required of judges
generally."  Espinal v. Goord, 180 F. Supp.2d 532, 539 (S.D.N.Y.
2002), citing Francis v. Coughlin, 891 F.2d 43, 46 (2d Cir.
1989).  Due process in this context requires only that the
hearing officer's decision not be "arbitrary."  Wolff v.
McDonnell, supra, 418 U.S. at 571.

## B. Discovery under Rule 26

Rule 26 of the Federal Rules of Civil Procedure permits
discovery "of any non privileged matter that is relevant to any
party's claim or defense."  Fed.R.Civ.P. 26(b)(1).  Rule 26
provides that "[r]elevant information need not be admissible at
trial if the discovery appears reasonably calculated to lead to
the discovery of admissible evidence."  Fed.R.Civ.P 26(b)(1).
However, "[t]here are ultimate and necessary boundaries to
discovery" and "discovery of matter not reasonably calculated to
lead to the discovery of admissible evidence is not within the
scope of discovery."  Oppenheimer Fund Inc. v. Sanders, 437 U.S.
340, 351 (1978).  Reasonably calculated means, "any possibility
that the information sought may be relevant to [a party's claim
or defense.]"  Morse/Diesel, Inc. v. Fid. & Deposit Co., 122

F.R.D. 447, 449 (S.D.N.Y. 1988), citing Mallinckrodt Chem. Works
v. Goldman, Sachs & Co., 58 F.R.D. 348, 353 (S.D.N.Y. 1973).

## C. Peralta's Claims

Peralta claims he has been deprived of his due process
rights under the Fourteenth Amendment because he was denied
"adequate assistance, witnesses, and a fair and impartial hearing
officer" (Am. Compl. 12). Since it is not clear what Peralta
means by denial of adequate "assistance" and "witnesses," I
construe Peralta's complaint to assert inadequate assistance
provided by defendant Sandra Vasquez, the Spanish speaking DOCS
employee assigned to assist him and the lack of assistance of
counsel. See Haynes v. Kenner, 404 U.S. 519, 519 (1972), (Pro Se
litigant's motions are held to a lesser standard than those
assisted by counsel).

The confidential transcript is not relevant to these
claims. I have read a summary of the confidential transcript and
it contains no evidence that Vasquez or any other counselor
played any role in, or even attended, the confidential proceed-
ings. Because neither Vasquez nor any other counselor played any
role in the confidential portion of the disciplinary proceeding
discovery of the confidential transcript is not relevant to any
claim or defense. See United States v. Abuhamra, supra, 389 F.3d
at 326, citing Wolff v. McDonnell, supra, 418 U.S. at 567-68).

7

Second, Peralta claims that his due process rights were violated because he was "denied . . . witnesses." Construing this claim liberally, I understand Peralta's claim to allege that he was prevented from confronting or calling witnesses. However, because Peralta has no due process right to confront witnesses at a disciplinary hearing the confidential transcript is not material. See United States v. Abuhamra, supra, 389 F.3d, at 325-26, citing Wolff v. McDonnell, supra, 418 U.S. at 567-68

Peralta had the right call witnesses at the disciplinary hearing but the confidential transcript is not relevant to this right. Peralta was given the opportunity to call witnesses at the hearing but when Peralta attempted to call the victim as a witness he was informed by the hearing officer that the witness refused to testify (Non-Confidential Transcript of Plaintiff's Disciplinary Proceeding, commenced on June 3, 1998 at 50, 80-81). The victim's refusal to testify is adequately shown in the non-confidential transcript, and the confidential transcript does not provide any additional information on this issue. In Silva v. Casey, 992 F.2d 20, 22 (2d Cir. 1993), the Second Circuit found "that if a prison official, presiding over a disciplinary hearing, reasonably concludes that it would be futile to call a witness, his refusal to do so would not constitute a violation of [the inmate's] Constitutional rights." The confidential tran-

script therefore does not bear on the alleged due process viola-
tion.

Finally, Peralta claims his due process rights were
violated because the hearing officer was not impartial.  Peralta
has the right to a fair and impartial hearing officer.  However,
the confidential transcript is irrelevant to this claim.  The
substance of the testimony in the confidential transcript was
revealed to the Peralta in the non-confidential portion of the
transcript.  Nothing in the summary of the confidential tran-
script indicates the hearing officer acted in a manner that
suggests his decision was "arbitrary."  Wolff v. McDonnell,
supra, 418 U.S. at 571.

D. Privilege

Even if the confidential transcript were relevant to
Peralta's claims defendants argue the transcript is protected by
law enforcement privilege (Defs.' Mem. at 4).  The purpose of the
law enforcement privilege "is to prevent disclosure of law en-
forcement techniques and procedures, to preserve the confidenti-
ality of sources, to protect witness and law enforcement person-
nel, to safeguard the privacy of the individuals involved in an
investigation."  In re Dep't of Investigation of N.Y., 856 F.2d
481, 484 (2d Cir. 1988).  The party asserting this privliged must
make a clear showing that harm will result if the information is

9

disclosed.  <u>MacWade v. Kelly</u>, 230 F.R.D. 379, 381 (S.D.N.Y. 2005).  Defendants contend the "inherent risks for violence in a prison setting weighs more heavily against disclosure than in a non prison setting" (Defs.' Mem. at 4) and that "disclosure of confidential sources would jeopardize the safety of both the informants and prison personal" (Defs.' Mem. at 5-6).

       To determine if defendants have met their burden the conflicting interests must be assessed.  <u>McCormack v. Cheers</u>, 818 F. Supp. 584, 593-94 (S.D.N.Y. 1993), <u>citing</u> <u>Wolff v. McDonnell</u>, <u>supra</u>, 418 U.S. at 556.  "There must be mutual accommodation between institutional needs and the objectives and provisions of the Constitution that are of general application for examining the reach of due process in the prison environment."  <u>Wolff v. McDonnell</u>, <u>supra</u>, 418 U.S. at 556.  "While the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to the institutional safety or correctional goals . . . prison officials are afforded discretion . . . to refuse to call witnesses that may create a risk of reprisal or undermine authority."  <u>McCormack v. Cheers</u>, <u>supra</u>, 818 F. Supp. at 593 (inner quotations omitted).

       Defendants have met their burden.  The confidential transcript identifies those witnesses who testified during the confidential portion of the hearing and, therefore, puts those

10

witnesses at risk of reprisal.  This risk far outweighs any benefit Peralta might realize as the confidential portions of the transcript are irrelevant to his claims.

IV.   Conclusion

        Accordingly, for the foregoing reasons, Peralta's motion is denied.

Dated:   New York, New York
        March 20, 2008

                          SO ORDERED

                          HENRY PITMAN
                          United States Magistrate Judge

Copies mailed to:

Mr. Jose Peralta
#95-A-2340
Otisville Correctional Facility
57 Sanitorium Rd.
Otisville, New York 10963

Steven N. Schulman, Esq.
Assistant Attorney General
State of New York
120 Broadway
New York, New York 10271